# SUPREME COURT OF THE UNITED STATES

CHARLES VICTOR THOMPSON *v.* BOBBY LUMPKIN,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS
DIVISION

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 20–5941.   Decided March 22, 2021

The petition for a writ of certiorari is denied.

JUSTICE KAGAN, with whom JUSTICE BREYER and JUSTICE SOTOMAYOR join, concurring in the denial of certiorari.

A provision of the Antiterrorism and Effective Death Penalty Act of 1996, now codified at 28 U. S. C. §2254(e)(2), limits the availability of evidentiary hearings in federal habeas proceedings. "If the applicant has failed to develop the factual basis of a claim in State court proceedings," §2254(e)(2) states, then the habeas court "shall not hold an evidentiary hearing on the claim" unless it finds two conditions met. *Ibid.* First, the claim must rely on either "a new rule of constitutional law" or "a factual predicate that could not have previously been discovered through the exercise of due diligence." *Ibid.* Second, the facts underlying the claim must be "sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Ibid.*

Notice how much rides on that provision's opening clause. The restriction of evidentiary hearings never kicks in, the clause says, unless "the applicant has failed to develop the factual basis of [his] claim in State court proceedings." *Ibid.*; see *Williams* v. *Taylor*, 529 U. S. 420, 430 (2000) ("By the terms of its opening clause the statute applies" only when "the prisoner has failed to develop the facts"). And this Court has held in no uncertain terms that the phrase

"failed to develop" implies a "lack of diligence"—or otherwise said, "some omission, fault, or negligence" attributable to the habeas applicant. *Id.*, at 430–431. So if an applicant's claim went "undeveloped in state court" because of something other than his own neglect—most typically, because of "the prosecution['s] conceal[ment of] the facts"— then §2254(e)(2)'s restriction of evidentiary hearings would not apply. *Id.,* at 434. In that case, the habeas petitioner does not have to meet the section's stringent demands. See *id.,* at 435 ("[O]nly a prisoner who has neglected his rights in state court need satisfy [§2254(e)(2)'s two] conditions"). Even if he cannot do so, he can obtain an evidentiary hearing.

In this case, the Court of Appeals for the Fifth Circuit rejected petitioner Charles Thompson's request for an evidentiary hearing on two claims relating to his capital sentence. See *Thompson* v. *Davis*, 916 F. 3d 444, 458 (2019). Thompson could not get a hearing, the court held, because he alleged errors only in his punishment proceeding. "Even if Thompson were to prevail on th[ose] claim[s]," the court explained, "his guilty verdict would remain untouched." *Ibid.* According to the Fifth Circuit, that meant Thompson could not satisfy §2254(e)(2) because its second condition demands that the applicant's claims refute his guilt.* And so, the court concluded, "the district court did not have discretion to grant [Thompson] a hearing." *Ibid.*

But that analysis skips a critical step. As just explained, §2254(e)(2)'s conditions never come into play if a habeas petitioner has pursued his claim with diligence in state court. And they therefore would not prevent an evidentiary hearing. Yet the Fifth Circuit decision says not a word about the question of diligence. The court did not discuss whether

---

* That issue is itself the subject of a Circuit split. Compare *Thompson*, 916 F. 3d, at 458, with *Thompson* v. *Calderon*, 151 F. 3d 918, 924 (CA9 1998) (en banc).

Thompson "made a reasonable attempt, in light of the information available at the time, to investigate and pursue [his] claims in state court." *Williams*, 529 U. S., at 435. Nor could the court have thought his lack of diligence so clear as to somehow go without saying. Consider that the court, just a few paragraphs earlier, granted a certificate of appealability (COA) on Thompson's two claims even though they were procedurally defaulted. It did so because "jurists of reason could debate" (as the COA standard requires) whether the default resulted not from Thompson's neglect but from the State's concealment of evidence. 916 F. 3d, at 457. That "debatable" question is the same one Thompson's request for a hearing raises. If Thompson's claims went undeveloped in state court not through his own fault, but because "the prosecution concealed the facts," then §2254(e)(2) would drop out of the picture. *Williams*, 529 U. S., at 434. So in failing to address the (concededly debatable) diligence issue, the Fifth Circuit may have wrongly deprived Thompson of an evidentiary hearing.

Still, I do not think this Court's intervention warranted. I doubt that the Fifth Circuit meant to adopt a novel view of §2254(e)(2), in conflict with how this Court has construed the provision and how every other Court of Appeals applies it. See, *e.g., Williams* v. *Jackson*, 964 F. 3d 621, 630–631 (CA7 2020) ("[F]ocusing on the innocence requirement skims over" another issue—that §2254(e)(2) "does not prohibit a hearing where the petitioner's failure to develop the factual basis for his claim was beyond his control"). Indeed, several prior Fifth Circuit decisions have gotten the law right. See, *e.g., Harrison* v. *Quarterman*, 496 F. 3d 419, 428 (2007) (recognizing that §2254(e)(2) "is not operative" if the petitioner was diligent). And assuming the decision below is a one-off misapplication of law, our rules counsel against granting review. See Supreme Court Rule 10 (stating criteria for a writ of certiorari). That course is all the more appropriate here because a later decision in Thompson's

case raises serious questions about whether an evidentiary hearing would have led to granting him relief on the merits. See *Thompson* v. *Davis*, 941 F. 3d 813, 816 (CA5 2019). So, because I doubt the Fifth Circuit will repeat its error, and because that error probably made no difference, I concur in the denial of certiorari.